UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| Arcelia Zamora, | Civil Action No.: <u>4:14-cv</u>-00234 |
| Plaintiff, | |
| v. | |
| GE Capital Retail Bank, | **COMPLAINT** |
| Defendant. | |

For this Complaint, Plaintiff, Arcelia Zamora, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA").

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant transacts business here, Plaintiff resides in this judicial district, and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

3. Plaintiff, Arcelia Zamora ("Plaintiff"), is an adult individual residing in Fort Worth, Texas, and is a "person" as defined by 47 U.S.C. § 153(39).

4. Defendant GE Capital Retail Bank ("GE"), is a Ohio business entity with an address of 950 Forrer Boulevard, Kettering, Ohio 45420, and is a "person" as defined by 47 U.S.C. § 153(39).

## FACTS

5. In or around October 2013, Defendant began calling Plaintiff's cellular telephone four to five times per day.

6.	At all times mentioned herein, Defendant called Plaintiff using an automatic telephone dialing system ("ATDS" or "predictive dialer").

7.	Defendant called Plaintiff in an attempt to reach her daughter.

8.	Plaintiff does not have a business relationship with Defendant and never provided her consent to be contacted on her cellular telephone.

9.	When she answered the automated calls, Plaintiff heard music and was then placed on hold for an indefinite amount of time.

10.	The calls from Defendant were not placed for emergency purposes.

## COUNT I
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT –
## 47 U.S.C. § 227, *et seq.*

11.	Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

12.	At all times mentioned herein, Defendant called Plaintiff on her cellular telephone using an ATDS or predictive dialer.

13.	In expanding on the prohibitions of the TCPA, the Federal Communications Commission (FCC) defines a Predictive Dialer as "a dialing system that automatically dials consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a [representative] will be available to take the call…"*2003 TCPA Order*, 18 FCC 36 Rcd 14022. The FCC explains that if a representative is not "free to take a call that has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or a dial tone, causing frustration." *Id.* In addition, the TCPA places prohibitions on companies that "abandon" calls by setting "the predictive dialers to ring for a very short period of time before disconnecting the call; in such cases, the predictive dialer does not record the call as having been abandoned." *Id.*

2

14. Defendant's telephone systems have all the earmarks of a predictive dialer. When Defendant called Plaintiff, she heard music before Defendant's telephone system would place her on hold for a live person.

15. Upon information and belief, Defendant's predictive dialers have the capacity to store or produce telephone numbers to be called using a random or sequential number generator.

16. Plaintiff did not provide her consent to be contacted on her cellular telephone..

17. Defendant continued to place automated calls to Plaintiff's cellular telephone despite knowing there was no consent to continue the calls. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

18. The telephone number called by Defendant was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

19. The calls from Defendant to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

20. Each of the aforementioned calls made by Defendant constitutes a violation of the TCPA.

21. As a result of each call made in negligent violation of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call placed in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

22. As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

1. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(1)(A);

2. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C); and

3. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: April 9, 2014

Respectfully submitted,

By: */s/ Jenny DeFrancisco*

Jenny DeFrancisco, Esq.
CT Bar No.: 432383
LEMBERG LAW LLC
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424
E-mail: jdefrancisco@lemberglaw.com
*Attorneys for Plaintiff*