UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ARCELIA ZAMORA, | x : | |
| Plaintiff, | : : | |
| v. | : : | Civil Action No. 1:14-cv-234 |
| GE CAPITAL RETAIL BANK, | : : | |
| Defendant. | : : | |
| ——————————————— | x : | |
| SYNCHRONY BANK, f/k/a GE CAPITAL RETAIL BANK, | : : : | |
| Third-Party Plaintiff, | : : | |
| v. | : : | |
| JANNIE DOMINGUEZ, | : : | |
| Third-Party Defendant. | x | |

**DEFENDANT SYNCHRONY BANK'S BRIEF IN SUPPORT OF ITS MOTION FOR
LEAVE TO JOIN THIRD-PARTY DEFENDANT JANNIE DOMINGUEZ**

Synchrony Bank, f/k/a GE Capital Retail Bank ("Synchrony Bank" or "Defendant"), by

and through counsel, pursuant to Federal Rule of Civil Procedure 14(a), hereby moves for leave

to join Third-Party Defendant Jannie Dominguez ("Ms. Dominguez") and file the Third-Party

Complaint attached hereto as Exhibit 1.  In support thereof, Synchrony Bank states as follows:

**Facts Common to the Third-Party Complaint**

1.      On April 9, 2014, Plaintiff Arcelia Zamora ("Ms. Zamora" or "Plaintiff") filed her

Complaint against Defendant alleging violations of the Telephone Consumer Protection Act, 47

U.S.C. § 227, *et seq.*, for phone calls allegedly placed to her cellular telephone without her consent using an automatic telephone dialing system.  (*See* Compl., D.E. 1.)

2.      In her Complaint, Plaintiff alleges that Defendant was attempting to call and reach Plaintiff's daughter.  (*Id.* at ¶ 7.)

3.      In fact, Plaintiff's daughter is Ms. Dominguez, a Synchrony Bank customer.  On August 3, 2013, Ms. Dominguez entered into a contract to open a CareCredit Account xxxx-xxxx-xxxx-5326 (the "Account") in her own name.

4.      In her application for the Account, Ms. Dominguez provided Synchrony Bank with the cellular telephone number xxx-xxx-2774 as the contact number for the Account and authorized Synchrony Bank to contact Ms. Dominguez at that number.

5.      Ms. Dominguez was provided a credit card along with a CareCredit Credit Card Account Agreement (the "Cardholder Agreement") that governed the Account and became effective upon her use of the Account.  Under the terms of the Cardholder Agreement, Ms. Dominguez agreed, inter alia, to make regular monthly payments. She also consented to receiving calls at the cellular telephone number she provided and agreed to notify Synchrony Bank if she changed her phone number.

6.      When the Account became delinquent, Synchrony Bank called Ms. Dominguez at the phone number she had provided on her CareCredit application concerning the delinquency on the Account.

7.      According to Ms. Zamora's Complaint, however, the telephone number provided by Ms. Dominguez on the CareCredit application belonged to Ms. Zamora (her mother), and Synchrony Bank was not authorized to contact Ms. Dominguez at the telephone number.

**Argument**

8.      Federal Rule of Civil Procedure 14 permits a Defendant "to serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it."  Fed. R. Civ. Pro. 14(a)(1).  The rule is liberally interpreted.  *TIB – The Independent BankersBank v. Hometown Bank, N.A.*, No. 3:13–cv–2825–M, 2013 WL 6159310, at 2 (N.D. Tex. Nov. 25, 2013).

9.      Here, if Ms. Zamora's allegations in her Complaint are true, then Ms. Dominguez's representations that she had authority to authorize Synchrony Bank to contact her at phone number xxx-xxx-2774 were false.

10.      Mr. Zamora owed a duty to Synchrony Bank not to provide false, deceptive, or misleading information, and failed to exercise sufficient or competent care when she provided her mother's phone number and communicated to Synchrony Bank that it was authorized to contact Ms. Dominguez at that telephone number.  If Ms. Zamora's allegations in her Complaint are true, then Ms. Dominguez's breach of duty will have proximately caused actual damages to Synchrony Bank.

11.      Additionally, if Ms. Zamora's allegations in her Complaint are true, Ms. Dominguez breached her obligations under the Cardholder Agreement by providing inaccurate contact information when applying for the Account and/or failing to correct or update her telephone number.

12.      Ms. Dominguez is therefore liable to Synchrony Bank for all or part of Ms. Zamora's claims.

13.      Because "there is a significant nexus between the underlying facts at issue" in Ms. Zamora's Complaint and the Third-Party Complaint, and because the two disputes involve

"substantially the same facts," Synchrony Bank has satisfied the requirements of Rule 14.  *See*
*TIB – The Independent BankersBank*, 2013 WL 6159310, at 2.

14.     Further, granting this motion will not prejudice Ms. Zamora, as the discovery
phase of this litigation has only just begun.  Moreover, the parties have not yet exchanged any
written discovery requests.

15.     Indeed, pursuant to the Joint Rule 26(f) Report (D.E. 13) and Court Order
Approving Joint Rule 26(f) Report (D.E. 14), the parties specifically authorized Synchrony Bank
until August 22, 2014, to request leave to join additional parties or amend pleadings.

16.     Granting this motion will also support judicial economy because there is
substantial overlap in the operative facts of the two lawsuits, and joinder will permit the parties
to develop one, common factual record and avoid piecemeal litigation or disparate findings of
fact or law.

### PRAYER

**WHEREFORE**, Synchrony Bank respectfully requests that this Court grant its Motion
for Leave to Join Third-Party Defendant Jannie Dominguez.

Dated:  August 22, 2014

Respectfully submitted,


By:   /s/ *Michael H. Bernick*
Michael H. Bernick
TX State Bar #24078227
REED SMITH LLP
811 Main Street, Suite 1700
Houston, Texas 77002
713.469.3834
FAX# 713.469.3899
Email: MBernick@reedsmith.com

*Attorney-in-Charge for*
*Defendant Synchrony Bank*

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of August, 2014, I electronically filed the foregoing Brief in Support of Defendant's Motion for Leave to Join Third-Party Defendant Jannie Dominguez with the Clerk of Court using the CM/ECF system, which will serve notice on all parties of record.

Jenny DeFrancisco
LEMBERG LAW LLC
1100 Summer St., 3rd Fl.
Stamford, CT 06905
Attorney for Plaintiff Arcelia Zamora

Jannie Dominguez
5009 Lubbock Ave.
Fort Worth, TX 76115
Third-Party Defendant

__/s/ *Michael H. Bernick*_____
Michael H. Bernick